UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Jose Alberto Rios Lopez and Jesus Rios
Lopez, on behalf of themselves and all others
similarly situated,

                              Plaintiffs,        **ORDER**

v.                                                     18 Civ. 11360 (JCM)

Blue WP, Inc. (d/b/a Graziella's Italian
Bistro), WP Burger, Inc. (d/b/a Westchester
Burger Company in White Plains, New York),
WP Burger II, Inc. (d/b/a Westchester Burger
Company in Rye Brook, New York), WP
Burger II, Inc. (d/b/a Westchester Burger
Company in Mount Kisco, New York), WP
Burger V, Inc. (d/b/a Westchester Burger
Company in Stamford, Connecticut), Grace
DiFeo, Angelo DiFeo, Sandy DiFeo, and
Vincent Corso

                              Defendants.
------------------------------------------------------------X

     This Order addresses the requests made by the parties in four separate letters to the Court. (Docket Nos. 70, 71, 72, and 73).

     First, Defendants are directed to produce the additional documents from the payroll company, referenced in Defendants' January 17, 2020 letter, (Docket No. 72), on or before January 31, 2020. Plaintiffs' request for "appropriate sanctions" relating to this issue, (Docket No. 71), is denied.

     Second, with respect to which party must pay for the cost of an interpreter, (Docket Nos. 72 and 73), the Court ultimately places this burden on the Defendants as the party taking the deposition. Typically, the cost of an interpreter is borne by the party taking the deposition, and is recoverable as a "cost" should that party ultimately prevail in the litigation. *See* Fed. R. Civ. P. 54(d)(1); *see also Sai Qin Chen v. East Market Rest., Inc.*, 13 Civ. 3902 (HBP), 2018 WL

3970894, at *5 (S.D.N.Y. Aug. 20, 2018) (awarding plaintiffs interpreter fees in wage and hour case and noting that they were "recoverable costs because they are included in those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients") (internal quotations omitted); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. Mar. 15, 2011) (awarding plaintiffs costs in a wage and hour case for interpreters that they used to aid them in deposing the defendants' witnesses). Defendants, thus, are required to pay for an interpreter if necessary. The Court, however, cautions Defendants that should they proceed without an interpreter, and later determine that they need an interpreter, they will not be permitted to take a second deposition of that individual.

Accordingly, (1) on or before January 31, 2020, Defendants are to produce the additional payroll documents; (2) Defendants are responsible for paying for an interpreter if necessary; and (3) Plaintiffs' request for sanctions is denied.

Dated: January 27, 2020
       White Plains, New York

                                              SO ORDERED:

                                              JUDITH C. McCARTHY
                                              United States Magistrate Judge