# EXHIBIT A

## **CONFIDENTIAL SETTLEMENT AGREEEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement (the "Agreement") is entered into on this 15th day of May, 2020, by and between Jose Alberto Rios Lopez and Jesus Rios Lopez (together, "Named Plaintiffs"), and Jose Huaynate, Daniel Miro and Miguel Cabrera (collectively, "Opt-Ins") (Opt-Ins and Named Plaintiffs are collectively referred to as "Plaintiffs"), on the one hand, and each of Blue WP, Inc., WP Burger, Inc., Grace DiFeo, Sandy DiFeo, Angelo DiFeo, and Vincent Corso on the other hand (all collectively hereinafter referred to as the "Parties").

### **RECITALS**

**WHEREAS**, on December 5, 2018, Named Plaintiffs, represented by Klafter Olsen & Lesser LLP and Make the Road New York, filed a Class and Collective Action Complaint in Case No. 7:18-cv-11360 (S.D.N.Y.) asserting individual and collective action claims against Defendants, WP Burger II, Inc., WP Burger III, Inc., and WP Burger V, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and individual and class action claims under New York Labor Law (the "Litigation");

**WHEREAS**, on February 8, 2019, Named Plaintiffs filed their First Amended Class and Collective Action Complaint, which further alleged a claim for retaliation;

**WHEREAS**, in or around June 2019, the Parties engaged in Court-ordered mediation regarding the possibility of a voluntary resolution of the claims asserted in the Litigation;

**WHEREAS**, the Parties were unable to resolve the Litigation at that time, and appeared for a status conference with the Court shortly thereafter, during which the Court authorized Defendants to file a Rule 12(c) motion related to the issue of joint employer liability;

**WHEREAS**, on or around July 25, 2019, the Parties agreed that Plaintiffs would dismiss WP Burger II, Inc., WP Burger III, Inc. and WP Burger V, Inc. from the Litigation and Defendants would not file their Rule 12(c) motion until summary judgment or at the time of trial;

**WHEREAS**, the Parties completed the first phase of discovery and Plaintiffs filed their Motion for Conditional Certification of the Collective on March 2, 2020; and

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all claims asserted in the Litigation after arms-length bargaining;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

1

1. **ADDITIONAL DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 **"Agreement"** means this agreement and Exhibit A hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.

1.2 **"Court"** means the United States District Court for the Southern District of New York.

1.3 **"Complaint"** means the Class and Collective Action Complaint filed on December 5, 2018 in Case No. 7:18-cv-11360 (S.D.N.Y.).

1.4 **"Amended Complaint"** means the First Amended Class and Collective Action Complaint filed on February 8, 2019 in Case No. 7:18-cv-11360 (S.D.N.Y.).

1.5 **"Defendants"** means Blue WP, Inc., WP Burger, Inc., Grace DiFeo, Sandy DiFeo, Angelo DiFeo, and Vincent Corso.

1.6 **"Corporate Defendants"** means Blue WP, Inc. and. WP Burger, Inc.

1.7 **"Defendant Family"** means Grace DiFeo, Sandy DiFeo, Angelo DiFeo, and Vincent Corso.

1.8 **"Settlement Amount"** means Seventy-Five Thousand Dollars ($75,000), inclusive of costs and attorneys' fees.

1.9 **"Defendants' Counsel"** means David A. Schrader of Paykin Krieg & Adams, LLP, 10 Grand Central, 155 East 44th Street, 6th Floor, New York, New York 10017.

1.10 **"Plaintiffs' Counsel"** means Fran L. Rudich, Esq. and Alexis H. Castillo, Esq. of Klafter Olsen and Lesser LLP, 2 International Drive, Suite 350, Rye Brook, New York, 10573, and Sarah Leberstein of Make the Road New York, 46 Waller Avenue, White Plains, New York 10605.

1.11 **"Effective Date"** means the date on which this Agreement becomes effective, which shall mean 21 days following the Court's Order Granting Settlement Approval of the Agreement.

1.12 **"Order Granting Settlement Approval"** shall mean the Order entered by the Court approving the terms and conditions of this Agreement.

1.13 **"Confession of Judgment"** means the confessions of judgment signed by each of the Defendants in the form annexed hereto as Exhibit A.

**1.14** **"Defendant Releasees"** means Defendants and their past, present, and future officers, directors, employees, shareholders, managers, insurers, successors, predecessors, parents, agents, subsidiaries, affiliates, attorneys and assigns.

## 2. SETTLEMENT TERMS

### 2.1 Settlement Payments

i. The Corporate Defendants agree to pay the Settlement Amount (Seventy-Five Thousand Dollars ($75,000)) in three installments of Twenty-Five Thousand Dollars ($25,000), each to be paid by certified checks as set forth below.

ii. For each such installment, Defendants shall deliver six certified checks through a trackable delivery service, payable within the timeframes specified in paragraphs v., vi., and vii made payable, respectively to (1) to Klafter Olsen & Lesser LLP c/o Fran L. Rudich in the amount of $ $7,525.06 for attorneys' fees and costs; (2) to Jose Alberto Rios Lopez in the amount of $8,660.58; (3) to Jesus Rios Lopez in the amount of $6,509.42; (4) to Jose Huaynate in the amount of $669.29; (5) to Daniel Miro in the amount of $1,233.73; and (6) to Miguel Cabrera in the amount of $401.92.

iii. The certified checks described in paragraph 2.1(ii), issued to Jose Alberto Rios Lopez, Jesus Rios Lopez, Jose Huaynate, Daniel Miro and Miguel Cabrera will be sent through a trackable delivery service to Make the Road New York c/o Sarah Leberstein, 46 Waller Avenue, White Plains, New York 10605.

iv. Plaintiffs' Counsel may request an alternative delivery method and may change the delivery address by sending Notice to Defendants and Defendants' counsel, with instructions, as provided in the Notice section below.

v. The first installment of the Settlement Amount will be paid within five days of the Effective Date (the "First Installment Due Date").

vi. The second installment of the Settlement Amount will be paid within six months of the First Installment Due Date (the "Second Installment Due Date").

vii. The third installment of the Settlement Amount will be paid within six months of the Second Installment Due Date.

viii. Payment of the entire Settlement Amount shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs (including Opt-

|     | |
| --- | --- |
|     | Ins) and their counsel under this Settlement Agreement, including attorneys' fees and disbursements. |
| ix. | The Defendant Family members Grace DiFeo, Sandy DiFeo, Angelo DiFeo and Vincent Corso each agree to personally guarantee the payment obligations of the Corporate Defendants under this Settlement Agreement.  In addition, the Defendants will sign Confessions of Judgment in the form annexed hereto as Exhibit A to secure these guarantee obligations.  The fully executed, original Confessions of Judgment shall be sent to Klafter Olsen & Lesser LLP c/o Fran L. Rudich through a trackable delivery service within 3 days of the Court's approval of this Agreement. |
| x. | In the event that the Corporate Defendants fail to timely make payment of any installment of the Settlement Amount, Plaintiffs or Plaintiffs' Counsel shall send Notice of Overdue Payment by email to each of (a) David A. Schrader at dschrader@pka-law.com; and (b) Vincent Corso at vinnycorso@me.com giving notice of a failure of receipt of any payment due including detail of what payment was not received.  The email shall be entitled "FLSA Litigation Default Notice – Urgent Attention Required."  Such Notice will be deemed received on the day the email is sent if received prior to 5 PM Eastern Time or the next day if received later than 5 PM Eastern.  The Corporate Defendants will then have 5 business days to correct any payment failure by making any unpaid payment or providing evidence that such payment was made and taking steps with Plaintiffs' Counsel to correct any problems that may exist with the payment delivery (the "Correction Period").  Defendants shall make all reasonable efforts to ensure that Plaintiffs' Counsel receives all installment payments.  In the event that the payment failure is not resolved within the Correction Period, Plaintiffs may declare a default under this Agreement ("Default"), and shall advise David Schrader and Vincent Corso via email that Plaintiffs declare a Default. |
| xi. | Only in the event of a Default may Plaintiffs file the Confessions of Judgment with the Court in the amount of the unpaid sums due, and any unpaid portion of the Settlement Amount shall accrue interest at the rate of 9% interest from the date the installment payment was due, until such sums are paid in full. |
| xii. | Tax Liabilities.  Plaintiffs expressly agree that the sums paid herein may constitute taxable income and that they are solely responsible for payment of any income tax liabilities associated with the payment of their portion of the Settlement Amount.  In the event that any taxing authority shall seek to hold Defendants liable for any unpaid tax due by any Plaintiff, such Plaintiff shall indemnity and hold harmless the Defendants from such claim or liability. |

**2.2   Settlement Amounts Payable as Attorneys' Fees and Costs.**

    i.    The parties agree that Plaintiffs' Counsel will seek approval of, and Defendants will not oppose, an application to the Court that one-third of the Settlement Amount be apportioned as an award of attorneys' fees. In addition, Plaintiffs' Counsel shall seek, and Defendants will not oppose, reimbursement of reasonable actual case-related costs and expenses from the Settlement Amount. The portion of the Settlement Amount awarded by the Court as attorneys' fees and costs to Plaintiffs' Counsel shall constitute full satisfaction of any claim for attorneys' fees or costs for any claims released herein.

    ii.    The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement and this Agreement. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on approval of this Settlement Agreement. In the event that the Court (or any appellate court) awards less than the requested amounts, only the awarded amounts shall be paid and shall constitute full satisfaction of the obligations of this Section and full payment hereunder. Any money requested for attorneys' fees or costs that is not approved by the Court shall be redistributed to the Plaintiffs.

3. **RELEASE OF CLAIMS**

    3.1    <u>Release by Plaintiffs</u>: Plaintiffs (and for purposes of clarity, including the Opt-Ins), their attorneys, agents, successors, affiliates, heirs, and assigns, fully, finally and forever release, discharge and hold harmless the Defendant Releasees, including their attorneys, agents, and anyone acting or authorized to act on their behalf, from any and all claims, demands, and causes of action for all matters that arise from or are related to the claims and defenses alleged in the Amended Complaint or in the Litigation. Notwithstanding anything in this paragraph, this Release excludes any claim requiring Defendants to perform the obligations under this Agreement and any remedies provided to Plaintiffs hereunder. For purposes of clarity, the Release includes, but is not limited to federal and state wage claims alleged in the Amended Complaint including overtime pay under the FLSA and New York State Labor Law and retaliation claims.

    3.2    Upon the payment of the Settlement Amount to the Plaintiffs, Plaintiffs' Counsel shall return the original Confessions of Judgment to Defendants' Counsel and shall destroy any copies thereof.

5

   **3.3**   <u>Release by Defendants</u>:  Defendants, their attorneys, agents, successors, affiliates, heirs, and assigns, fully, finally and forever release, discharge and hold harmless Plaintiffs (and for purposes of clarity, the Opt-Ins), their attorneys, agents, and anyone acting or authorized to act on their behalf from any and all claims, demands, and causes of action for all matters that arise from or are related to the claims and defenses alleged in the Amended Complaint and in the Litigation.

**4. NON-INTERFERENCE**

   **4.1**   Nothing in this Agreement shall interfere with Plaintiffs' right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the EEOC or state fair employment practices agency, or other federal or state regulatory law enforcement agency. However, the full consideration provided to Plaintiffs by this Agreement will be the sole relief provided to Plaintiffs for their released claims, and Plaintiffs will not be entitled to recover, and agrees to waive, any monetary benefits or recovery against the Defendants in connection with any such claim, charge, or proceeding without regard to who has brought the complaint or charge.

**5. NON-DISPARAGEMENT**

   **5.1**   As part of the consideration exchanged herein:

      a. the Plaintiffs agree not to make any statement that would disparage the Defendants, except that the Plaintiffs may testify truthfully in any legal proceeding where their testimony is compelled by subpoena under oath, or in any investigation conducted by any government agency; and

      b. the Defendants agree not to make any statement that would disparage the Plaintiffs, except that the Defendants may testify truthfully in any legal proceeding where their testimony is compelled by subpoena under oath, or in any investigation conducted by any government agency.

**6. PARTIES' AUTHORITY**

   **6.1**   The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.  The Parties further acknowledge that they have had the assistance of legal counsel in connection with their entry into this Agreement and have had a full opportunity to have legal counsel explain the terms and conditions of this Agreement.

   **6.2**   Plaintiffs' Counsel represents and warrants that they have explained this Agreement to the Plaintiffs in Spanish (and translated same) to ensure

6

that Plaintiffs fully understand the terms and conditions herein and are entering into this Agreement with full knowledge of the terms hereof.

7. **MUTUAL COOPERATION**

   7.1 The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. Plaintiffs' Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Agreement.

8. **NOTICES**

   8.1 Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be overnight mailed as set forth below. Notice shall be deemed to have been duly given as of the first business day after delivery of the Notice addressed as follows:

To Plaintiffs:

Sarah Leberstein
Make the Road New York
46 Waller Avenue
White Plains, New York 10605
Telephone: (914) 948-8466 ext. 1008

To Defendants:

David A. Schrader
Paykin Krieg & Adams, LLP
10 Grand Central
155 East 44th Street, 6th Floor
New York, New York 10017
Telephone: (347)-879-2345

9. **INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS**

   9.1 Knowing and Voluntary Agreement. The parties have read carefully this Agreement and have executed it voluntarily and with full knowledge and understanding of its significance, meaning, and binding effect. The parties are competent to understand the content and effect of this Agreement, and the decision to enter into this Agreement has not been influenced in any way by fraud, duress, coercion, mistake, or misleading information.

**9.2** No Assignment. Plaintiffs represent and warrant that they have not and will not assign or transfer, or purport to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action, and any attempt to do so shall be of no force or effect.

**9.3** Entire Agreement. Subject to the Court's approval of this Settlement, this Agreement, along with Exhibits annexed hereto, constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**9.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to Defendants, their affiliates, parents, subsidiaries, predecessors, successors, employees, agents and assigns; and additionally, with respect to Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**9.5** Arms' Length Transaction; Materiality of Terms. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**9.6** Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties through legal counsel. Each Parties' counsel participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**9.7** Governing Law. This Agreement and the Confessions of Judgment executed hereunder, shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles.

**9.8** Continuing Jurisdiction. This Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and Exhibit A.

**9.9** Waiver or Modification to be in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then

only to the extent set forth in such written waiver, modification or amendment, with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**9.10** No Severability. If the Court does not approve this Settlement in the form executed by the Parties, the Settlement shall be void and the Parties shall act in good faith to attempt to resolve any provisions rejected by the Court.

**9.11** Counterparts. The Parties may execute this Agreement in multiple counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**9.12** Facsimile and E-mail Signatures. Any party may execute this Agreement by signing, including by electronic means, or by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or e-mail to counsel for the other party. Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or e-mail.

**THE BALANCE OF THE PAGE IS INTENTIONALLY LEFT BLANK**

| BLUE WP, INC. | WP BURGER, INC. |
|---|---|
| By: _____ | By: _____ |

| Vincent Corso, individually | Grace DiFeo, individually |
|---|---|
| Sandy DiFeo Griffin, individually | Angelo DiFeo, individually |

| Jose Alberto Rios Lopez | Jesus Rios Lopez |
|---|---|
| Jose Huaynate | Daniel Miro |
| Miguel Cabrera | |

10

**BLUE WP, INC.**                          **WP BURGER, INC.**

By:_____              By:_____

_____               _____
Vincent Corso, individually               Grace DiFeo, individually

_____               _____
Sandy DiFeo Griffin, individually         Angelo DiFeo, individually

_____               _____
Jose Alberto Rios Lopez                   Jesus Rios Lopez

_____               _____
Jose Huaynate                             Daniel Miro

_____
Miguel Cabrera

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Alberto Rios Lopez and Jesus Rios Lopez, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Blue WP, Inc. (d/b/a Graziella's Italian Bistro), WP Burger, Inc. (d/b/a Westchester Burger Company in White Plains, New York), WP Burger II, Inc. (d/b/a Westchester Burger Company in Rye Brook, New York), WP Burger III, Inc. (d/b/a Westchester Burger Company in Mount Kisco, New York), WP Burger V, Inc. (d/b/a Westchester County Burger in Stamford, Connecticut), Grace DiFeo, Angelo DiFeo, Sandy DiFeo, and Vincent Corso,<br><br>　　　　　Defendants. | Case No.: 18-cv-11360 (VB)(JCM) |

**AFFIDAVIT FOR CONFESSION OF JUDGMENT**

STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　) ss:
COUNTY OF WESTCHESTER　　)

　　　Defendant [_____], being duly sworn, deposes and says:

　　　1.　　I reside at _____.

　　　2.　　[If applicable, I am the owner of Defendant [INSERT] and as such, I have authority to act on behalf of Defendant [INSERT]].

　　　3.　　[If applicable, Defendant [INSERT] is a corporation organized under the laws of [STATE]. Defendant [INSERT] does business as [NAME] located at [ADDRESS]].

　　　4.　　I [or Corporate Defendant] hereby confess judgment in this Court in favor of Plaintiffs in the sum of Seventy-Five Thousand Dollars ($75,000), less any sums already paid

toward the Settlement Amount, and hereby authorize Plaintiffs to enter judgment for said amount if the Defendants breach the terms of the Settlement Agreement to which this Confession of Judgment is annexed.

5. This Confession of Judgment is for a debt justly due or to become due to Plaintiffs arising out of the Settlement Agreement to which this Confession of Judgment is annexed.

6. Upon Default of payment by the Defendants under the Settlement Agreement, the terms of which are hereby incorporated by reference, I authorize Plaintiffs to enter Judgment against me [or Corporate Defendant] in the sum of $75,000, plus reasonable costs and attorneys' fees incurred in enforcing the Judgment (in an amount to be determined by the Court) and interest at 9% from the date the installment payment was due under the Settlement Agreement, less the total amount paid to date. I agree that this sum is a fair and reasonable assessment of Plaintiffs' damages in this matter.

7. Upon all payments being made by the Defendants under the Settlement Agreement, this Confession of Judgment shall be invalidated.

Executed on this ___ day of May 2020 in White Plains, New York.

_____
[DEFENDANT]

Subscribed and sworn to before me
this ___ day of May, 2020

_____
Notary Public