UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Jose Alberto Rios Lopez and Jesus Rios
Lopez, on behalf of themselves and all others
similarly situated,

                              Plaintiffs,

            v.

Blue WP, Inc. (d/b/a Graziella's Italian
Bistro), WP Burger, Inc. (d/b/a Westchester
Burger Company in White Plains, New York),
WP Burger II, Inc. (d/b/a Westchester Burger
Company in Rye Brook, New York), WP
Burger III, Inc. (d/b/a Westchester Burger
Company in Mount Kisco, New York), WP
Burger V, Inc. (d/b/a Westchester Burger
Company in Stamford, Connecticut), Grace
DiFeo, Angelo DiFeo, Sandy DiFeo, and
Vincent Corso,

                             Defendants.
-------------------------------------------------------X

**ORDER**

18 Civ. 11360 (JCM)

       Plaintiffs Jose Alberto Rios Lopez and Jesus Rios Lopez ("Plaintiffs") commenced this action on behalf of themselves and others similarly situated to recover unpaid wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 203, *et seq.,* and 28 U.S.C. § 1331, and the New York Labor Law ("NYLL") §§ 650, 190, *et seq.,* as well as damages for tip misappropriations and a failure to maintain payroll records pursuant to NYLL §§ 196-d, 198(1-d), uniform violations and improper wage deductions under the NYLL, and retaliation under 29 U.S.C. § 215.[1] (Docket No. 38).  Defendants deny these allegations. (Docket No. 40).  The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 56).  On May 15, 2020, Plaintiffs filed

---

[1] This summary reflects Plaintiffs' First Amended Complaint filed on February 8, 2019. (Docket No. 38).  Plaintiffs' original Complaint was filed on December 6, 2018. (Docket No. 4).

an unopposed motion requesting that the Court approve a proposed Settlement Agreement ("Agreement"). (Docket No. 92).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted).  On April 15, 2020, Defendants notified the Court that the parties had reached a settlement in principle on April 7, 2020 "after extensive negotiation." (Docket No. 88).  It is clear from the parties' submission that the settlement is the product of extensive arm's-length negotiations between able counsel.  Based on my review of the papers submitted in support of the Agreement, (Docket Nos. 92, 92-1, 93, 93-1, 93-2, 93-3), I find the terms of the Agreement fair and reasonable under all the circumstances, with the exception of the parties' non-disparagement provision, (Docket No. 93-2 at 7), and the lack of documentation submitted in support of Plaintiff's counsel's request for attorneys' fees.

First, the Agreement's non-disparagement clause, (Docket No. 93-2 at 7), is overly broad. "Although not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the statute.'" *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (quoting

*Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015)).  While the parties' non-disparagement clause includes an exception for truthful statements when "compelled by subpoena, under oath, or in any investigation conducted by any government agency," this language does not adequately constitute "a carve-out for truthful statements about [the parties'] experience litigating their case." *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018); *see also Ramos Pelico v. PGNV, LLC*, 18 Civ. 09761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (finding a non-disparagement clause "not objectionable" where it provided that the "clause 'shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense'"); *Cegueda-Juarez v. Cleanwear USA 2, Inc.*, 18 Civ. 1604 (PAC), 2019 WL 5485253, at *4 (S.D.N.Y. Oct. 25, 2019) (approving a non-disparagement clause where it explicitly provided that neither the plaintiff nor defendants were prohibited "from making truthful statements about their experiences litigating th[e] case"). Accordingly, the Court will not approve the Agreement containing the non-disparagement clause as presently written.

Second, while counsel's request for the Court to approve attorneys' fees in the amount of $22,575.18 – less than one-third of the settlement amount – is reasonable,[2] (Docket No. 93 at 7), counsel fails to supply the Court with contemporaneous billing records documenting the rate, hours expended, and tasks worked on, thus "stripping the court of any meaningful method to evaluate the reasonableness of the hours, rates, and performance of Plaintiff's counsel." *Rivera v. Silver Star Cleaner, Inc.*, 18 Civ. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019).  Courts in this district have routinely rejected proposed settlement agreements in wage

---

[2] "The Second Circuit has routinely held that a one-third compensation structure is reasonable." *Rivera v. Silver Star Cleaner, Inc.*, 18 Civ. 4427 (PAC), 2019 WL 3491505, at *2 (S.D.N.Y. Aug. 1, 2019) (collecting cases).

and hour cases where counsel failed to provide billing records. *See, Id.* (rejecting proposed settlement where plaintiff's counsel failed to submit billing records); *Arango v. Scotts Co., LLC*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *5 (S.D.N.Y. Jan. 7, 2019) (rejecting proposed settlement agreement despite requesting only 25 percent of the total recovery where counsel "provided no explanation or evidence of the time expended on this matter, the type of work performed, or counsel's qualifications that would allow the Court to determine whether $7,200.00 is a reasonable fee in this case"); *Mamani v. Licetti*, No. 13-CV-7002 (KMW)(JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (rejecting proposed settlement where plaintiff's attorneys failed to "provide the Court with any information to aid the Court in assessing the reasonableness of the fee award").

Moreover, without contemporaneous billing records, the Court is unable to determine whether Plaintiffs' counsel's fees are "reasonable when compared to Plaintiffs' total lodestar, which is in excess of $300,000." (Docket No. 93 at 7-8); *see also Lopez*, 96 F. Supp. 3d at 181–82 ("Especially problematic is the fact that counsel's submission touts the fact that the proposed fee award is 'a compromise from Plaintiff's lodestar in this case of $12,350,' while providing no information about how that lodestar was calculated."). Thus, before the Court can approve the Agreement and request for attorneys' fees, Plaintiffs' counsel must submit contemporaneous billing records and evidence supporting counsel's rates.

Accordingly, I am prepared to approve the settlement terms with the exception of the non-disparagement provision and attorneys' fees.

The parties are directed to advise the Court in writing within seven (7) days of the date of this Order of their intention to either: (1) file a revised settlement agreement in accord with this Order; or (2) abandon settlement and proceed with the litigation.

Dated:   May 22, 2020
         White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge